**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 26, 2023**

# In the Court of Appeals of Georgia

A23A0005. DEATON HOLDINGS, INC. v. REID et al.

DOYLE, Presiding Judge.

Following a motor vehicle accident resulting in serious injuries to herself and her three children, Tiffany Reid ("Reid"), individually and as natural guardian of Holden Reid, Khyren Reid, and Nevaeh Reid, and Hillary B. Cranford, as conservator for Holden, Khyren, and Nevaeh, sued Deaton Holdings, Inc., alleging that one of its trucks blocked the view of the person driving the car she and the children were in, resulting in him striking another vehicle. Deaton moved to add two individuals and a corporation as indispensable parties and to realign the party defendants. The trial court denied the motion, finding that although Deaton may seek contribution in a third-party complaint against the non-parties, it is not entitled to have them added to

the case as indispensable parties under OCGA § 9-11-19. Deaton appeals, and we affirm, for the reasons that follow.

"A trial court's decision as to whether a party should be added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion."[1]

The record shows that on February 25, 2021, Brandon Byers was driving a car southbound on Woods Road at the intersection of State Highway 20 in Rome, Georgia; Reid and her children were passengers in his car. When he attempted to make a left-hand turn into the westbound lanes of Highway 20, his car was struck on the driver's side by an eastbound car driven by Laticia Taylor. At the time of the collision, a broken down tractor-trailer owned by NFI Industries was sitting in the right-hand turn lane of westbound Highway 20, immediately adjacent to the intersection where the collision occurred. A repair truck owned by Deaton, which had been dispatched to repair the NFI truck, was parked in front of the NFI truck.

---

[1] (Punctuation omitted.) *Merritt v. Marlin Outdoor Advertising, Ltd.*, 298 Ga. App. 87, 93 (4) (679 SE2d 97) (2009).

Reid and her children were seriously injured in the collision. Police found Byers to be the only party at fault for the accident, and he was cited and arrested on several charges, including driving under the influence of marijuana.

On February 8, 2022, Reid filed suit against Deaton only, alleging that the Deaton truck blocked Byers's view of oncoming traffic so that when he pulled out to turn left, he could not see that Taylor's car was so close. Reid did not name Byers, Taylor, or NFI as defendants in her lawsuit.

Deaton filed a motion to add indispensable parties and realign the party defendants, contending that Byers, Taylor, and NFI are necessary and indispensable defendants and must be added to the case under OCGA § 9-11-19 (a). At the same time, Deaton filed a third-party complaint against Byers, Taylor, and NFI, seeking contribution from them in the event it is found liable to Reid. Deaton alleged, generally, that NFI's truck also blocked Byers's view and that Byers and Taylor, as drivers of the cars, shared fault for the accident. The trial court denied the motion, ruling that although Deaton is entitled to pursue claims for contribution in a third-party complaint against Byers, Taylor, and/or NFI, it is not entitled to have them added to the case under OCGA § 9-11-19. After the trial court certified its order for

immediate review, Deaton filed an application for interlocutory appeal, which this Court granted, and this appeal followed.

1. *Apportionment/contribution.* Deaton argues that the trial court erred by denying its motion to add indispensable parties. We disagree.

Georgia's former multi-defendant apportionment statute, OCGA § 51-12-33 (b) (2021), does not provide a basis to reduce Deaton's liability due to negligence by Byers, Taylor, or NFI because it did not apply in single-defendant cases. While subsection (b) of the former apportionment statute authorized a trier of fact to "apportion its award of damages among the persons who are liable according to the percentage of fault of each person," the plain language of the former statute limited subsection (b) to actions "brought against *more than one person* for injury to person or property."[2] Thus, the Supreme Court of Georgia held that if a case is brought against a single named defendant, OCGA § 51-12-33 (b) (2021) did not allow that defendant's liability for damages to be reduced according to the percentage of fault

---

[2] (Emphasis supplied.) OCGA § 51-12-33 (b) (2021). The 2022 amendment, applicable to all cases filed after May 13, 2022, substituted "one or more persons" for "more than one person" in subsection (b). See Ga. L. 2022, p. 802, § 2/HB 961.

allocated to a nonparty in the case.[3] Accordingly, because Reid named only Deaton as a defendant, even if Deaton establishes that Byers, Taylor, and/or NFI share some degree of fault for Reid's injuries, the former applicable apportionment statute does not provide a basis for Deaton's liability to Reid to be reduced.[4]

Deaton may, however, have a right of contribution from Byers, Taylor, and NFI. As the Supreme Court of Georgia explained,

> [j]ust because OCGA § 51-12-33 (b) [2021] does not apply to cases with a single defendant does not mean that a single defendant is without a remedy against its joint tortfeasors. Where apportionment does not apply, joint tortfeasors who both proximately cause a single injury are jointly and severally liable for damages caused by the injury, and a tortfeasor may seek contribution from its joint tortfeasor(s).[5]

---

[3] See *Alston & Bird, LLP v. Hatcher Mgmt. Holdings*, LLC, 312 Ga. 350, 356 (862 SE2d 295) (2021), superceded by statute for cases filed after May 13, 2022, OCGA § 51-12-33 (b) (2022) ("There is no grant of authority in the apportionment statute[, OCGA § 51-12-33 (b) (2021),] to reduce damages according to the percentage of fault allocated to a nonparty in a case with only one named defendant.").

[4] See id.

[5] Id. at 356, n.2, citing OCGA § 51-12-32 (a) (the right of contribution "shall continue unabated" except as provided in the apportionment statute); *Fed. Deposit Ins. Corp. v. Loudermilk*, 305 Ga. 558, 575 (2) (826 SE2d 116) (2019) (holding that damages apportioned under OCGA § 51-12-33 (b) are not subject to any right of contribution, but if apportionment does not apply, the "apportionment statute did not render the contribution statute a nullity").

5

It is well-settled that a tortfeasor has a substantive right of contribution from other joint tortfeasors who were not sued in the action.[6] In *Fed. Deposit Ins. Co. v. Loudermilk,*[7] the Supreme Court of Georgia held that there is a right of contribution in situations in which the joint tortfeasors acted in concert.[8] Contrary to Deaton's argument, however, the *Loudermilk* Court did not limit joint and several liability to such situations. Instead, the Court held that even after the enactment of the apportionment statute, joint and several liability (and the right of contribution) is available in some circumstances, *including* when the tortfeasors acted in concert.[9] Though the *Loudermilk* Court observed that the analytical focus for dividing liability amongst wrongdoers is different under the apportionment statute than it was under existing Georgia law, it does not overrule our longstanding precedent that, as in this case, when multiple acts of negligence combine to produce a single indivisible injury

---

[6] See OCGA § 51-12-32; *Hyde v. Klar*, 168 Ga. App. 64 (308 SE2d 190) (1983).

[7] 305 Ga. 558, 573 (826 SE2d 116) (2019).

[8] See id. at 572-576 (2).

[9] See id.

6

and no rational basis exists for an apportionment of the damages, the actors are considered joint tortfeasors.[10]

Furthermore, as discussed above, the former apportionment statute does not apply to this case, so the analytical focus imposed by that statute is not controlling. And the apportionment statute itself provides that it does not "eliminate or diminish any defenses or immunities which currently exist, except as expressly stated [within it]."[11] Accordingly, the trial court properly concluded that Deaton has a right of contribution from Byers, Taylor, and NFI.

2. *OCGA § 9-11-19.* Deaton further contends that Byers, Taylor, and NFI are indispensable parties under OCGA § 9-11-19. This enumeration is without merit.

Deaton moved to join Byers, Taylor, and NFI as party defendants under OCGA § 9-11-19 (a), which provides that "[a] person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties." "[J]oint tortfeasors are not

---

[10] See *Unger v. Bryant Equip. Sales & Svcs., Inc.*, 255 Ga. 53, 54 (1) (335 SE2d 109) (1985); *Axcan Scandipharm v. Schwan's Home Svcs.*, 299 Ga. App. 49, 51 (1) (681 SE2d 631) (2009).

[11] OCGA § 51-12-33 (e).

7

indispensable parties in an action against one of them,"[12] and a plaintiff cannot be forced to sue additional tortfeasors beyond those she elected to name in her complaint.[13] Deaton argues, however, that these principles do not apply to this case because the proposed defendants are not joint tortfeasors, and although contribution could provide some relief, that relief will not be complete because Deaton will first have to pay the entirety of the judgment itself.

As we held in Division 1, it appears that Byers, Taylor, and NFI are joint tortfeasors against whom Deaton has a right of contribution. And because they are joint tortfeasors, it follows that they are not indispensable parties subject to being added to the case under OCGA § 9-11-19 (a).[14] As to the completeness of the relief, Deaton has not established that this case is any different than other cases involving

---

[12] *Merritt*, 298 Ga. App. at 93-94 (4).

[13] See *Sloan v. Southern Floridabanc Fed. Sav. & Loan Assn.*, 197 Ga. App. 601, 602 (1) (398 SE2d 720) (1990) (" It is clear under Georgia law that OCGA § 9-11-19 has no application where liability is joint and several[,] and the plaintiff has a right of election as to which defendants plaintiff will proceed against.").

[14] See *Merritt*, 298 Ga. App. at 93-94 (4).

8

third-party complaints for contribution, which the Supreme Court has clearly endorsed as a remedy when apportionment is not available.[15]

Based on this record, the trial court did not abuse its discretion by denying Deaton's motion to add and realign indispensable parties.

*Judgment affirmed. Gobeil, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

[15] See *Hatcher*, 312 Ga. 350 at 356 n.2.